IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CPR - CELL PHONE REPAIR
FRANCHISE SYSTEMS, INC., et al.,

   Petitioners,

     v.

NARIMAN NAYRAMI, et al.,

   Respondents.

CIVIL ACTION FILE
NO. 1:12-CV-1814-TWT

ORDER

This is an action to compel arbitration of a dispute arising out of a franchise agreement. It is before the Court on the Petitioners' Motion to Compel Arbitration [Doc. 2] and the Respondents' Motion to Dismiss [Doc. 7]. For the reasons set forth below, the Petitioners' Motion to Compel Arbitration is GRANTED and the Respondents' Motion to Dismiss is DENIED.

I. Background

Petitioner Cell Phone Repair Franchise Systems, Inc. ("CPR") is a franchisor of repair services for electronic devices. CPR entered into a franchise agreement (the "Franchise Agreement") with Respondents Nariman Nayrami and NicknTina, Inc.

(collectively "Nayrami") in May 2010. (See Petitioners' Petition to Compel Arb., Ex. 2; Nayrami Decl., Ex. B). The Franchise Agreement contained a dispute resolution provision mandating arbitration and mediation to be located in the county where CPR is headquartered. Id. The dispute resolution provision contained the following language delegating specific determinations to the arbitrator:

> [A]ll disputes relating to arbitrability (including whether or not any particular claim, issue or otherwise is to be submitted to arbitration) ... will be exclusively decided by the arbitrator, including any assertion that this Agreement as a whole, or the arbitration provisions, or any other provisions, of this or any other agreement, are unreasonable, oppressive, unlawful, invalid, void or voidable, procured by fraud or uneven bargaining power, unconscionable, part of a contract of adhesion, were not subject to negotiation or are not enforceable for any reason or similar claims, and whether such assertions relate to this or any other agreement as a whole, or merely any arbitration or any other portions[.]

(Petitioners' Petition to Compel Arb., Ex. 2, at 44; Nayrami Decl., Ex. B, at 44). The dispute resolution provisions further stated that all questions of arbitrability are governed by the Federal Arbitration Act and the federal common law of arbitration. Id.

Nayrami contends that the Franchise Agreement signed by Nayrami was not the same Franchise Agreement signed by CPR in that the agreement Nayrami signed contained a different franchise price. Nayrami has not identified any other major difference between the contracts and, with the exception of some underlining, the

dispute resolution provisions in the two documents are identical. (<u>Compare</u> Petitioners' Petition to Compel Arb., Ex. 2, at § 23 <u>with</u> Nayrami Decl., Ex. B, at § 23).

Nayrami alleges that CPR failed to register as a franchisor in violation of California law and that CPR and its agent misrepresented the profitability of the franchise in the negotiations leading up to the execution of the Franchise Agreement. Specifically, Nayrami alleges that CPR's California agent, Mahmoud Shaffie, met Nayrami in California and represented that CPR would provide training, logistical support, and a ready-to-open store. Shaffie also indicated that several CPR franchises were successful in California. (Respondents' Br. in Supp. of Respondents' Mot. to Dismiss, at 3). Based on these statements, Nayrami agreed to purchase the franchise for $80,000, and issued a check to that effect, which CPR cashed on February 12, 2010. According to Nayrami, CPR was not registered to sell franchises in California until February 15, 2010. Similarly, Nayrami alleges CPR did not provide a franchise disclosure statement within 14 days of the sale as required by California law. CPR did not provide the statement until January 2, 2012. Ultimately, Nayrami alleges that CPR did not fulfill the promises Shaffie made and that Shaffie misled Nayrami in indicating that previous franchises had been successful in California. Based on these allegations, Nayrami filed suit in California state court

against CPR, its CEO Jeremy Kwaterski, who is also a party here, and Shaffie, who is not before this Court. (Respondents' Br. in Supp. of Respondents' Mot. to Dismiss, at 5-6).

In response to Nayrami's filing, CPR filed a Demand for Arbitration before the AAA on May 23, 2012 and filed the instant Petition to Compel Arbitration on May 24, 2012 [Doc. 1]. Nayrami opposes the Petition and has filed a Motion to Dismiss [Doc. 7]. The California state proceedings have been stayed pending the resolution of this matter. (Petitioners' Reply Br. in Supp. of Petitioners' Motion to Compel Arb., at 2).

Nayrami's Motion to Dismiss offers three alternative grounds for dismissing this action. (Respondents' Mot. to Dismiss, at 2). Specifically, Nayrami argues that the absence of Shaffie deprives the case of a necessary party and that the addition of Shaffie would destroy diversity jurisdiction, thus requiring dismissal of the action under Fed. R. Civ. P. 12(b)(7). Next, Nayrami urges dismissal under Fed. R. Civ. P. 12(b)(3) arguing that venue is improper in the Northern District of Georgia because a substantial part of the events giving rise to this claim did not occur in this district. Finally, Nayrami argues for dismissal under Fed. R. Civ. P. 12(b)(6) because the forum selection provision is invalid under California law and because CPR's

appointment of an agent to receive service in California represented consent to suit in California in this matter. (Respondents' Mot. to Dismiss, at 2).

CPR argues that the Court should compel arbitration because the parties had a written agreement manifesting the parties' intentions to arbitrate all controversies including the question of arbitrability. CPR contends that Shaffie is not a necessary party to this limited dispute, that venue is proper because several underlying events occurred in the Northern District of Georgia, and that registering an agent to receive process in California is unrelated to arbitrability of the dispute. (Respondents' Br. in Opp. to Petitioners' Motion to Dismiss, at 3-10).

## II. Discussion

### A. Motion to Dismiss for Failure to Join Necessary Party

The Court may dismiss an action under Rule 12(b)(7) where the plaintiff fails to "join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 involves a two-part inquiry to determine whether it is proper to dismiss an action if interested parties cannot be joined. Burger King Corp. v. American Nat'l Bank & Trust Co., 119 F.R.D. 672, 674 (N.D. Ill. 1988). First the court should determine whether an absent entity is a "necessary" party that must be joined to the action under Rule 19(a). Next, the Court must decide whether the absent party is "indispensable" under Rule 19(b). If

the party is necessary and indispensable, the "case *must* be dismissed." Burger King, 119 F.R.D. at 675.

Nayrami argues that, in the current action, Shaffie is an indispensable party. "Rule 19 states a two-part test for determining whether a party is indispensable." Challenge Homes, Inc. v. Greater Naples Care Center, Inc., 669 F.2d 667, 669 (11th Cir. 1982). "First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue." Id. "Whether a particular nonparty is necessary to an action is heavily influenced by the facts and circumstances of each case." Pinckney v. SLM Financial Corp., 236 F.R.D. 587, 589 (N.D. Ga. 2005). "However, when making its determination, the Court must consider whether complete relief can be granted with the present parties, and whether the absent party has an interest in the disposition." Id.

Nayrami argues that Shaffie is a necessary party because the conduct of CPR and Shaffie are "inextricably intertwined." (Respondents' Br. in Supp. of Respondents' Mot. to Dismiss, at 10). As noted, Nayrami contends that Shaffie was responsible for the misrepresentations made by CPR. Although Shaffie was named

as a defendant along with CPR in the fifth and sixth causes of action in the California state lawsuit, he is not a party to this action. Nayrami argues that adjudicating CPR's liability in an arbitration case in Georgia while adjudicating Shaffie's liability in state court in California could lead to the inconsistent outcomes Fed. R. Civ. P. 19 seeks to prevent. (Respondents' Br. in Supp. of Respondents' Mot. to Dismiss, at 10-14). CPR argues that Shaffie is not a necessary party to the determination of whether the Franchise Agreement should lead this Court to compel arbitration. Further, CPR notes, any tension between Rule 19 and the FAA should be resolved in favor of arbitration given the Supreme Court's endorsement of arbitral resolutions when the FAA is implicated. (Petitioners' Br. in Opp. of Respondents' Mot. to Dismiss, at 6).

The case law supports CPR's arguments. In MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942 (11th Cir. 1999) (abrogated on other grounds by Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 631 (2009)), the respondent argued that the district court erred in exercising jurisdiction in a motion to compel arbitration when a state court defendant who would destroy diversity jurisdiction was not a party to the federal action. Id. at 945. The court rejected the argument and concluded that the state court action was unrelated to the independent action to compel arbitration. Id. (quoting First Franklin Fin. Corp. v. McCollum, 144 F.3d 1362, 1363 (11th Cir. 1998)). The court also rejected the respondent's argument that the additional state court defendant

was a necessary party to the federal action because the defendant was named as a co-conspirator and joint tortfeasor in the state court action. Id. at 946. The court specifically stated that the defendant's status as co-conspirator or joint tortfeasor does not by itself "render [the state court defendant] an indispensable party." Id. (citing Temple v. Synthes Corp., 498 U.S. 5, 7 (1990)).

Recently, the Supreme Court in Vaden v. Discover Bank, 556 U.S. 49 (2009) addressed federal question subject matter jurisdiction for petitions to compel arbitration. Following that decision, the Eighth Circuit concluded that "every circuit to consider the issue has concluded that a party joined in a parallel state court contract or tort action who would destroy diversity jurisdiction is not an indispensable party under Rule 19 in a federal action to compel arbitration." Northport Health Servs. of Ark., LLC v. Rutherford, 605 F.3d 483, 491 (8th Cir. 2010).

While Nayrami has argued the importance of Shaffie in the underlying dispute, Nayrami has not satisfactorily explained how Shaffie is necessary to decide what is before the Court - whether to compel arbitration. Shaffie's status in this case is nearly identical to the joint tortfeasors who were not joined in the federal court proceedings in MS Dealer. Because the presence of Shaffie in the current action is unrelated to the arbitration issue, his presence is not necessary in the current suit, and this action should not be dismissed for a failure to join a necessary party.

B. <u>Motion to Dismiss for Lack of Venue</u>

Venue is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The events underlying the current suit, which only calls for this Court to compel arbitration, involve the formation of the Franchise Agreement and the requirements contained within the agreement. Nayrami argues that the only connection between the underlying events and this district is the location of the arbitration proceeding. CPR counters that numerous underlying events are associated with this district and that, because of the location provision in the arbitration clause, this district is the only district where venue is proper.

The Court concludes there are sufficient underlying events associated with this district to establish venue under 28 U.S.C. § 1391(b)(2). The Franchise Agreement was sent from a Georgia company in Georgia, signed by Nayrami, then returned to Georgia. The agreement included a provision calling for arbitration in Georgia. Further, the Franchise Agreement mandated continuing contacts with Georgia including paying royalties and marketing funds to Georgia headquarters, operating within guidelines developed in Georgia, and sending business reports to CPR in Georgia. (Petitioners' Br. in Opp. of Respondents' Mot. to Dismiss, at 6). These

connections are a sufficiently substantial part of the underlying events of this suit to compel arbitration. Therefore, this district is a proper venue for this action.

    C.    <u>Motion to Dismiss for Failure to State a Claim</u>

A claim should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). The claim may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded as true and construe them in the light most favorable to the plaintiff. <u>See</u> <u>Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.</u>, 711 F.2d 989, 994-95 (11th Cir. 1983); <u>see also</u> <u>Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.</u>, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required to state a claim. <u>See</u> <u>Lombard's, Inc. v. Prince Mfg., Inc.</u>, 753 F.2d 974, 975 (11th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the

grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

Nayrami argues that the Petition does not state a claim because CPR consented to suit in California by registering an agent to receive service with the California Department of Corporations and because the forum selection provision at issue is void under California law.  CPR counters that its registered agent is a requirement of California law unrelated to the present suit.

The Court agrees with CPR.  Nayrami's argument suggests that any arbitration agreement is void in California when the company seeking to compel arbitration has a registered agent in that state.  This contention is not in line with the law and, if accepted, would threaten the validity of uncounted arbitration agreements.  Simply, the registered agent in California ensures that CPR is subject to service in California, nothing more, and has no bearing on the arbitration agreement.  Further, CPR's Petition to Compel Arbitration does state a claim upon which relief can be granted. The pleadings evidence a written arbitration agreement, and the FAA explicitly gives district courts the power to compel arbitration when there is a written arbitration agreement.  See 9 U.S.C. § 4.  Nayrami's arguments to the contrary are unavailing.

D.  Motion to Compel Arbitration

This Court has the power to compel arbitration under the FAA. See 9 U.S.C. § 4. Generally, the validity of an arbitration agreement is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, which was enacted to reverse longstanding judicial hostility towards arbitration. Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367 (11th Cir. 2005) (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626-27 (1985)). Under the FAA:

> A written provision in...a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction...shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Here, the Franchise Agreement contains a written agreement mandating arbitration for dispute resolution. (See Petitioners' Petition to Compel Arb., Ex. 2). Therefore, the FAA is implicated here.

CPR argues that this Court must compel arbitration because there is a written arbitration agreement within the purview of the FAA. Nayrami asserts that the Petition to Compel Arbitration should be denied because: (1) the Franchise Agreement itself was not the result of a meeting of the minds; (2) arbitration in Georgia is improper because the contract mandates California law which declares the forum

provision void; and (3) the dispute resolution provisions of the Franchise Agreement are unconscionable. (Respondents' Br. in Opp. of Petitioners' Petition to Compel Arb., at 8). CPR argues that: (1) any lack of mutuality in the Franchise Agreement only addressed the price of the franchise, not the dispute resolution provisions, which are severable; (2) questions of arbitrability and unconscionability are reserved for the arbitrator; and (3) the arbitration provisions are not unconscionable and the entire contract reflects the form agreements franchisors are required to submit to the FTC. (Petitioners' Reply Br. in Supp. of Petitioners' Petition to Compel Arb., at 5-9).

The case law supports CPR's position. Following the Supreme Court's decision in <u>Rent-a-Center West, Inc., v. Jackson</u>, 130 S. Ct. 2772 (2010), the Eleventh Circuit concluded that an arbitration provision could properly reserve the determination of arbitrability to the arbitrator. <u>Given v. M & T Bank Corp. (In re Checking Account Overdraft Litig.)</u>, 674 F.3d 1252, 1255 (11th Cir. 2012). In <u>that case</u>, the parties' arbitration agreement included a provision stating that "[a]ny issue regarding whether a particular dispute or controversy is ... subject to arbitration will be decided by the arbitrator." <u>Id.</u> The court stated that this "gateway question," which it named the "delegation provision," was "simply an additional, antecedent agreement that is severable from the remainder of the arbitration agreement." <u>Id.</u> (quoting <u>Rent-a-Center</u>, 130 S. Ct. at 2777-78) (internal marks omitted). The court stated that

delegation provisions should be enforced provided that there is "'clear and unmistakable' evidence that the parties manifested their intent to arbitrate a gateway question." Id. (quoting Rent-a-Center, 130 S. Ct. at 2777-78 & n.1). Based on the language of the delegation provision which delegated the arbitrability decision for "any issue," the court concluded that there was clear and unmistakable evidence the parties intended to delegate the arbitrability question, and that "[a]n arbitrator, not the district court, must decide whether [the] claims are within the scope of the arbitration agreement." Id. at 1256 (citing CompuCredit Corp. v. Greenwood, 132 S. Ct. 665, 669 (2012)).

As here, the respondent in Given argued that the arbitration agreement was unconscionable. See id.; (Respondents' Br. in Opp. of Petitioners' Petition to Compel Arb., at 11-15). The court in Given refused to entertain the respondent's argument because "[a] delegation provision is severable from the rest of the arbitration agreement and must be challenged 'specifically.'" Id. (quoting Rent-A-Center, 130 S. Ct. at 2777-79). Because the respondent had not challenged the unconscionability of the delegation provision at the district court, where the respondent instead called the entire arbitration agreement unconscionable, the court dismissed the challenge. Id. The court further concluded that the district court erred in deciding whether the

underlying claims were within the scope of the arbitration clause because that determination was reserved for the arbitrator. Id. at 1256-57.

The situation here closely resembles the situation in Given. The Franchise Agreement includes in it an arbitration agreement which itself includes a delegation provision. The language of the delegation provision here is more specific than the one in Given in that the delegation provision here specifically reserves questions of arbitrability and unconscionability, among others, to the arbitrator. (See Petitioners' Petition to Compel Arb., Ex. 2, at 44). This specific language, contained in the versions signed by both Nayrami and CPR, evidences a clear and unmistakable intent by both parties to arbitrate the questions of arbitrability and unconscionability. (Compare Petitioners' Petition to Compel Arb., Ex. 2, at 44 with Nayrami Decl., Ex. B, at 44). Under Given, once the district court finds clear and unmistakable evidence of an intent to arbitrate gateway questions, the district court is required to compel arbitration. See id. at 1256-57 (concluding the district court erred in determining arbitrability when there was a valid delegation provision).

Nayrami's attempts to undermine the validity of the arbitration agreement are unpersuasive. Nayrami primarily contends that the contract is invalid because the contract signed by CPR reflects a different franchise price, $25,000, than the price on the contract Nayrami signed, $80,000. Nayrami also argues that the signature blocks

were located on different pages but does not contend that additional aspects of the contract were inconsistent. CPR notes that both versions of the contract contain identical dispute resolution clauses. (Compare Petitioners' Petition to Compel Arb., Ex. 2, at § 23.2 with Nayrami Decl., Ex. B, at § 23.2). The contract itself is approximately 45 pages and the minor differences identified more likely evidence poor administrative practices than a lack of mutuality. Morever, Nayrami's challenge attacks the Franchise Agreement as a whole, not the severable delegation provision, which is unrelated to this Court's limited determination of whether to enforce the agreement to arbitrate. See Given, 674 F.3d at 1256 (quoting Rent-A-Center, 130 S. Ct. at 2777-79 ("[A] party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate [contained within the challenged contract]." (internal marks omitted))). Nayrami's additional arguments - that the dispute resolution provisions are unconscionable and that California law prohibits this arbitration agreement - are similarly irrelevant to resolving the motion to compel. Because this Court concludes the arbitration agreement evidences a clear and unmistakable intent to delegate questions of arbitrability to the arbitrator, CPR's Motion to Compel Arbitration should be granted.

## III. Conclusion

For the reasons set forth above, the Court GRANTS the Petitioners' Motion to Compel Arbitration [Doc. 2] and DENIES the Respondents' Motion to Dismiss [Doc. 7].

SO ORDERED, this 13 day of September, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge